J-S27006-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ERIC TARAJAE GREEN | : | |
| | : | |
| Appellant | : | No. 301 MDA 2023 |

Appeal from the Judgment of Sentence Entered February 1, 2023
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s):  CP-35-CR-0001097-2022

BEFORE:  BENDER, P.J.E., BOWES, J., and SULLIVAN, J.

MEMORANDUM BY BENDER, P.J.E.:　　　　　**FILED OCTOBER 11, 2023**

Appellant, Eric Tarajae Green, appeals from the judgment of sentence of 48 to 96 months' incarceration, followed by 3 years' probation, imposed after he pled guilty to one count of sexual assault.  On appeal, Appellant seeks to challenge the discretionary aspects, and the legality, of his sentence.  Additionally, Appellant's counsel, Donna M. DeVita, Esq., seeks to withdraw her representation of Appellant pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  After careful review, we affirm Appellant's judgment of sentence and grant counsel's petition to withdraw.

The trial court summarized the facts underlying Appellant's conviction, which we need not reproduce herein.  ***See*** Trial Court Opinion (TCO), 4/13/23, at 1-2.  Briefly, Appellant was accused of having sexual intercourse with a female victim while she was asleep.  He was charged with rape of an

unconscious victim, sexual assault, and indecent assault of an unconscious victim.[1]  On October 4, 2022, Appellant pled guilty to the sexual assault offense and the remaining charges were dismissed.  On February 1, 2023, the court sentenced him to the term of incarceration and probation set forth *supra*.

Appellant filed a timely motion for reconsideration of his sentence, claiming that his term of incarceration "is harsh and excessive" and that his combined sentence of incarceration and probation is unlawful, as it exceeds the statutory maximum term for the offense of sexual assault.  Petition for Reconsideration of Sentence, 2/6/23, at 1 (unnumbered).  The court denied Appellant's post-sentence motion, and he filed a timely notice of appeal.  Appellant also timely complied with the trial court's order to file a Pa.R.A.P. 1925(b) statement, again stating that the court "imposed a harsh and excessive sentence" and that his sentence of imprisonment and probation illegally exceeds the statutory maximum term for his crime.  **See** Pa.R.A.P. 1925(b), 3/16/23, at 1 (single page).  The trial court filed a responsive Rule 1925(a) opinion on April 13, 2023.

On May 30, 2023, Attorney DeVita filed with this Court a petition to withdraw from representing Appellant.  That same day, counsel also filed an **Anders** brief, discussing the two sentencing issues preserved in Appellant's post-sentence motion and Rule 1925(b) statement.  Attorney DeVita

---

[1] 18 Pa.C.S. § 3121(a)(3), 18 Pa.C.S. § 3124.1, and 18 Pa.C.S. 3126(a)(4), respectively.

concludes that these issues are frivolous, and that Appellant has no other, non-frivolous issues he could pursue herein. Accordingly,

> this Court must first pass upon counsel's petition to withdraw before reviewing the merits of the underlying issues presented by [the appellant]. *Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*).
>
> Prior to withdrawing as counsel on a direct appeal under *Anders*, counsel must file a brief that meets the requirements established by our Supreme Court in *Santiago*. The brief must:
>
> > (1) provide a summary of the procedural history and facts, with citations to the record;
> >
> > (2) refer to anything in the record that counsel believes arguably supports the appeal;
> >
> > (3) set forth counsel's conclusion that the appeal is frivolous; and
> >
> > (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.
>
> *Santiago,* 978 A.2d at 361. Counsel also must provide a copy of the *Anders* brief to his client. Attending the brief must be a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed pro se on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the *Anders* brief." *Commonwealth v. Nischan*, 928 A.2d 349, 353 (Pa. Super. 2007), *appeal denied*, 594 Pa. 704, 936 A.2d 40 (2007).

*Commonwealth v. Orellana*, 86 A.3d 877, 879-80 (Pa. Super. 2014). After determining that counsel has satisfied these technical requirements of *Anders* and *Santiago*, this Court must then "conduct a simple review of the record to ascertain if there appear[s] on its face to be arguably meritorious issues that

counsel, intentionally or not, missed or misstated." ***Commonwealth v. Dempster***, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*).

In this case, Attorney DeVita's ***Anders*** brief substantially complies with the above-stated requirements. Namely, she includes a summary of the relevant factual and procedural history, she refers to portions of the record that could arguably support Appellant's claims, and she sets forth her conclusion that Appellant's appeal is frivolous. She also explains her reasons for reaching that determination, and she supports her rationale with citations to the record and pertinent legal authority. Attorney DeVita also states in her petition to withdraw that she has supplied Appellant with a copy of her ***Anders*** brief. Additionally, she attached a letter directed to Appellant to her petition to withdraw, in which she informed Appellant of the rights enumerated in ***Nischan***. Accordingly, counsel has complied with the technical requirements for withdrawal. We will now independently review the record to determine if Appellant's issues are frivolous, and to ascertain if there are any other, non-frivolous issues he could pursue on appeal.

Appellant first seeks to contend that his sentence is harsh and excessive. In support, he stresses that he had no prior record, he fully accepted responsibility by pleading guilty, and he was not deemed to be a sexually violent predator. ***See Anders*** Brief at 10. Appellant complains that the court failed to consider his character and rehabilitative needs and, instead, focused only on the seriousness of his offense. He also claims that the court "did not provide sufficient reasons on the record for the necessity of a sentence in the

high end of the [Sentencing] Guidelines' standard sentence range[,]" which was 36 to 54 months. *Id.* at 10, 13. According to Appellant, the court's only considering the nature of the offense was error, where that factor "is already taken into consideration and reflected in the Sentencing Guidelines…." *Id.* at 13. Finally, Appellant maintains that the court "did not consider any of the factors enunciated in [42 Pa.C.S. §] 9781(d) when it imposed [the] sentence." *Id.* at 14.

Appellant's claims implicate the discretionary aspects of his sentence.

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. ***Commonwealth v. Sierra***, 752 A.2d 910, 912 (Pa. Super. 2000). An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
>> We conduct a four-part analysis to determine: (1) whether [the] appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. 720; (3) whether [the] appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).
>
> ***Commonwealth v. Evans***, 901 A.2d 528, 533 (Pa. Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006). Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed. ***Commonwealth v. Mann***, 820 A.2d 788, 794 (Pa. Super. 2003), *appeal denied*, 574 Pa. 759, 831 A.2d 599 (2003).
>
> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. ***Commonwealth v. Paul***, 925 A.2d 825, 828 (Pa. Super. 2007). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent

with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Sierra, supra*** at 912–13.

***Commonwealth v. Griffin***, 65 A.3d 932, 935 (Pa. Super. 2013) (quoting ***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010)).

Here, Appellant sets forth various arguments regarding how his sentence is harsh and excessive, yet he did not present any of those specific claims before the trial court in his post-sentence motion. Instead, Appellant only baldly claimed that his sentence is harsh and excessive. Thus, Appellant waived his more specific allegations that he now wishes to raise on appeal. ***See Commonwealth v. Mann***, 820 A.2d 788, 794 (Pa. Super. 2003) (concluding that Mann's raising, in his post-sentence motion, a claim "that his sentence was unduly severe and that the trial court abused its discretion under the Sentencing Code" waived for review his more specific allegation that the court failed to state on the record its reasons for imposing the sentence).

Additionally, Appellant did not set forth in his Rule 1925(b) statement the specific sentencing claims he now wishes to raise on appeal, again only vaguely asserting that his sentence is harsh and excessive. Thus, in its Rule 1925(a) opinion, the court did not address Appellant's specific arguments in support of his generic assertion of excessiveness. Consequently, Appellant has waived his sentencing claims on this basis, as well. ***See Mann***, 820 A.2d at 794 (finding Mann also waived his specific sentencing claim by raising it "in a vague manner in his Rule 1925(b) statement," which resulted in the trial court's not addressing the issue in its Rule 1925(a) opinion); Pa.R.A.P.

1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.").[2]

In Appellant's second issue, he seeks to contend that his sentence is illegal, as the combined total of his terms of incarceration and probation equals 11 years, which exceeds the statutory-maximum sentence of 10 years for the offense of sexual assault (a second-degree felony). In rejecting this claim, the trial court explained:

> [T]his [c]ourt sentenced Appellant within the standard range of the sentencing guidelines – thirty-six (36) to fifty-four (54) months, followed by three years of probation. Sentencing Order, filed February 22, 2023. Pursuant to 42 Pa.C.S.[] § 9718.5(a)…, "[a] person who is convicted in a court of this Commonwealth of an offense under section 9799.14(d) (relating to sexual offenses and tier system) shall be sentenced to a mandatory period of probation of three years consecutive to and in addition to any other lawful sentence issued by the court." Further, under 42 Pa.C.S.[] § 9718.5 (b), "[t]he court may impose the term of probation required under subsection (a) in addition to the maximum sentence permitted for the offense for which the defendant was convicted."
>
> Since Appellant pled guilty to [s]exual [a]ssault under 18 Pa.C.S.[] § 3124.1, a tier three sexual offense, he was subject to the mandatory three-year probationary period. Additionally, under 42 Pa.C.S.[] § 9718.5(b), this [c]ourt was well within its

---

[2] **See also** Pa.R.A.P 1925(b) Order, 2/27/23, at 1 (warning that "[a]ny issue not properly included in the Statement timely filed and served shall be deemed waived") (unnumbered page); **see also Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc.**, 88 A.3d 222, 225 (Pa. Super. 2014) (*en banc*) ("[I]n determining whether an appellant has waived his issues on appeal based on non-compliance with [Rule] 1925, it is the trial court's order that triggers an appellant's obligation[. T]herefore, we look first to the language of that order.") (citations omitted; some brackets added).

discretion to sentence Appellant to three years of probation on top of his maximum of ninety-six (96) months. Therefore, this [c]ourt asks that Appellant's sentence be affirmed.

TCO at 5-6. After reviewing the statutory provisions cited by the court, it is clear that Appellant's sentence is not illegal for the reasons set forth by the court. Therefore, we agree with Attorney DeVita that raising this issue on appeal would be frivolous.

In conclusion, Appellant's challenge to the discretionary aspects of his sentence is frivolous because it is waived, and his challenge to the legality of sentence is frivolous on the merits. Additionally, our independent review of the record reveals no other, non-frivolous claims that Appellant could pursue herein. Therefore, we affirm his judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/11/2023